United States District Court
for the Western District of Pennsylvania

United States of America,        )
        v.                       )           15CR168
Frederick Banks,                 )
        Defendant                )
                                 )
_____)

MOTION TO Dismiss under the
Speedy Trial Act 18 USC § 3161;
AND Motion to Suppress

Defendant Frederick Banks moves the court to Dismiss for violations of the 6th Amendment Right to a Speedy Trial and 18 USC § 3161 the Speedy Trial Act and moves to Suppress the unlawful and unreasonable search under the 4th Amendment and represents as follows:

Motion to Dismiss 18 USC § 3161; 6th Amendment Right to a Speedy Trial

1. Defendant was indicted in this case. At the Arraignment and bond hearing on 8/11/15 Defendant stood up and put on the record that he did not authorize counsel to file any motions and that he wanted his 70 day Speedy Trial.

2. In subsequent conversations with counsel he reiterated this fact. He told counsel to file a "Notice of Appeal" of the bond hearing but do not file any motions. Defendant did not want the Speedy Trial clock to Stop. On August 26, 2015 Counsel filed a "Motion to Review and Vacate order of detention." Counsel did not inform Defendant that he filed this motion until 9/26/15. On 9/1/15 the court appointed Dr. Wettstein and issued an order stopping the Speedy Trial clock and excluding the delay.

3. The order was inapposite of Defendant's statements to counsel on and off the record as a result the delay is not excludable under the Speedy Trial clock and the Indictment must be dismissed with prejudice. It was repetitious for counsel to seek an evaluation by Wettstein when he already completed one on Nov 2013 and the government already filed a copy of it in this case. Defendant told counsel that he made no bones about talking to Wettstein as long as it was done while on bond and it did not affect the 70 day Speedy Trial Clock. Counsel ignored Defendant's request. Defendant told counsel that he had to be completed with this case by October 31, 2015 a Wiccan Holiday "Samhain".

Motion to Suppress

4. On 8/7/15 The FBI conducted a search by warrant of Defendant's Residence. The search conducted of the person was warrantless and occurred outside the residence after Defendant was arrested. As a result the search of Defendant's person was unreasonable and without probable cause and those seized items, the iphone 4s, the wallet, the keys must all be suppressed and the $85.00 returned. All in violation of the 4th Amendment.

5. There was also no probable cause to search Defendant's residence and that search was unreasonable and was not even supported by an affidavit. There was no affidavit attached to the search and seizure warrant that was conducted by over 20 FBI officers and two teams.

2 of 4

6. The Indictment did not give the FBI probable cause to search Defendant's residence because the Indictment did not mention anything about any crime being committed at the Residence nor was the Indictment attached to the search warrant. A clear violation of the 4th Amendment. All of the evidence must be suppressed.

7. The Judge did not even seal the warrant with his stamp or Jurat and as stated the warrant is not supported by any Oath or Affirmation. It was an abuse of discretion to allow the FBI to conduct a search on such a flimsy warrant where the Defendant claimed for over Ten years both letters and Lawsuits that the so called "Victim" of the Indictment had set him up by improper conduct.

8. Accordingly, All the evidence must be suppressed.

9. Another issue is that the U.S. Attorney's office has unfortunately been sending out Grand Jury Subpoenas in this case and others in violation of the 5th Amendment Grand Jury Clause. The Grand Jury is an independent investigative body and only it can issue and decide who or what evidence it wishes to seek by Grand Jury subpoena. In this case the US Attorney's office not the Grand Jury sent subpoenas to Sprint and Santander and infected the Grand Jury process itself and the Indictment. Defendant moves for the Grand Jury Transcripts and for dismissal of the Indictment, with prejudice.

10. A hearing on these motions should be set at the time of trial. A prompt trial date should be set.

Wherefore, the foregoing Motions should be granted. The Indictment should be dismissed with prejudice and all the evidence suppressed. Defendant notes that the two transcribed calls he allegedly made have nothing to do with this case. One is to a AUSA in separate litigation and the other was to AUSA Paul Hull asking him to investigate Timothy Pivnichny for setting up Defendant. At the bond hearing Judge Presto abused his discretion when he cited these calls as a reason to deny bond in this case.

Respectfully submitted,

Frederick Banks
#J21759
Allegheny County Jail
950 Second Ave
Pittsburgh, PA 15219
Defendant

Declaration of Frederick Banks

I Frederick Banks under perjury state as follows;

1. Two calls I allegedly made to two AUSA's have nothing to do with this case and there are no threats on the calls. One was a call to an AUSA in Spokane Washington and the other was a request for Paul Thull to investigate Timothy Pivnichny for setting me up as alleged in USA v. Banks, 03-CR-245.

2. I was arrested at my residence outside. After I was arrested my items were seized I had on my person. I had an iphone 4S, a wallet $45.00, and my keys. An FBI agent asked me to tell him which key was used to enter the residence. I told him "I'm not giving you consent to search." He stated he had a warrant. I asked to see the warrant. He refused to show me the warrant which violated Fed. R. Crim. Proc. 41(g).

3. The search which was conducted with 20+ agents and arrest where I was handcuffed so tight I pleaded with the agents to loosen the cuffs all the way to the Courthouse was unreasonable. When I asked this the FBI agent stated "we'll be there soon. When we finally arrived at the Courthouse and I was uncuffed I had a <u>large</u> red welt across both my wrists. I was soon ushered into a Courtroom where everyone was already waiting as if it were grand theatre.

4. The residence search was conducted on 8/17/15 I did not receive a copy of the warrant until 10/26/15 when Adrian Roe, ESQ mailed it to me at Allegheny County Jail.

5. The entire case has been one disaster after another. Another repetitive evaluation, the stopping of the speedy trial clock against my wishes and will, the constant bombardment of CIA wireless signals, the desire of the USA to medicate me and blatant refusal to investigate my complaint of CIA electronic harassment, the denying of bond based on two calls that have nothing to do with this case, the sending of Grand Jury subpoenas not by the Grand Jury but by the prosecutor, the 6 month quest to get my property returned, and the ten year plus quest to receive compensation for the setup and case fixing by the claimed victim in this case, the refusal of counsel to answer my numerous telephone calls, and the purposeful delay of Dr. Westfield in filing the second report.

Executed this 2nd day of November, 2015 under the penalty for perjury.

11/2/15

Frederick Banks

Certificate of Service

I hereby certify that on this 2nd day of November, 2015 I served a true and correct copy of the foregoing by mail delivery upon the following:

Office of the US Atty
7000 US Courthouse
700 Grant St.
Pittsburgh, PA 15219

Frederick Banks

4 of 4