IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:15-cr-168 |
| | ) | |
| FREDERICK BANKS, | ) | Judge Mark Hornak |
| | ) | |
| | ) | Electronically Filed |

**RESPONSE**
**TO ORDER TO SHOW CAUSE**

Counsel for Defendant respectfully submits this Response to the Court's order to show cause why the report of Dr. Wettstein should not be unsealed. ECF No. 82.[1] Counsel submits that, in the unique context of this case, the report of Dr. Wettstein should remain under seal.

**I.    Facts**

1.    The issue of mental competency arose in this case as an offshoot to the issue of bond.

2.    Magistrate Judge Pesto denied bond but indicated in his remarks from the bench that his decision was predicated on the absence of a current report from a mental health professional addressing the issue of whether Defendant currently posed any type of physical threat to the public.

---

[1] This Response is being submitted by counsel while his motion to withdraw is pending. ECF No. 73. Counsel has not addressed this Response with Mr. Banks due to the complete breakdown in communication. Counsel assumes that Defendant would oppose the disclosure of Dr. Wettstein's report. *See* Pa. Rules of Professional Conduct 1.14.

3. The undersigned counsel subsequently filed Defendant Bank's Motion to Review and Vacate Order of Detention. ECF No. 21. The motion proposed that Defendant undergo an updating evaluation by Dr. Wettstein (who had evaluated Defendant in 2013) in order to determine whether Defendant might be released without posing a risk of dangerousness to the public.

4. The Court called a status conference to address the motion. ECF Nos. 21 & 22.

5. At the status conference, counsel for Defendant reported that he was experiencing difficulties communicating effectively with Defendant and, with the concurrence of the government, counsel moved that Defendant be evaluated for mental competency.

6. Communications between the undersigned counsel and Defendant broke down further following the status conference to the point that Defendant moved to discharge counsel, *see* ECF No. 36, and eventually counsel filed a motion to withdraw, which motion is pending. ECF No. 72.

7. The Court has received an extensive report by Dr. Wettstein and has placed that report under seal. *See* ECF No. 76.

8. Dr. Wettstein's report includes a detailed review of Defendant's medical history and summarizes at least three extensive interviews conducted by Dr. Wettstein. Dr. Wettstein's report includes extensive information that plainly would be deemed confidential under federal and state law. *See, e.g., Jaffee v. Redmond,* 518 U.S. 1, 11 (1996); 20 Pa. C.S.A. § 5456(d)(2). Pa. Rule of Professional Conduct 1.14(c).

9.     Defendant has not sought at any time to avoid trial by advancing a claim that he is not competent to stand trial.  To the contrary, Defendant has objected strenuously to the delay associated with the competency evaluation process.  *See, e.g.*, ECF No. 50.

## II.    Discussion

Courts have inherent authority to limit the disclosure of sensitive personal information that has traditionally been regarded as confidential.  *See Press Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 511-12 (1984).  While many competency hearings have been conducted in public, courts have inherent authority to place under seal or redact evidentiary materials that are used in competency proceedings.  *See United States v. Guerrero,* 693 F.3d 990, 1003 (9th Cir. 2012).  Indeed, the entire proceeding may be placed under seal.  *See, e.g., id.* at 996 (citing *United States v. Curran,* 2006 WL 115988 (D. Ariz. May 2, 2006) (sealing both competency report and competency hearing)).

The report of Dr. Wettstein is completely irrelevant to the merits of this case.  If Defendant is deemed competent, the case will proceed to trial and the issues discussed in the report will be irrelevant.  If the defendant is deemed to be incompetent, the case will not proceed to trial until and unless Defendant is restored to competency.  In either event, no public interest will be served by unsealing the report.  Such disclosure would undermine Defendant's recognized privacy interests with respect to medical and mental health information.  The report might also be used to attack the credibility of Defendant and disclosure of the report might raise substantial issues of compelled self-incrimination.

For all these reasons, and in the absence of an overwhelming public interest in disclosure, the report should remain under seal.

                                                  Respectfully submitted,

Dated:   December 18, 2015                s/Adrian N. Roe

                                                  Pa. Bar No. 61391
Suite 200, The Frick Building
437 Grant Street
Pittsburgh, PA 15219
412-281-4217
aroe@roelawoffice.com