

# THE DISCIPLINARY BOARD OF THE
# SUPREME COURT OF PENNSYLVANIA



**Paul J. Killion**
Chief Disciplinary Counsel

**Paul J. Burgoyne**
Deputy Chief Disciplinary Counsel

**District IV Office**
Frick Building, Suite 1300
437 Grant Street
Pittsburgh, PA 15219
(412) 565-3173
Fax (412) 565-7620

**OFFICE OF DISCIPLINARY COUNSEL**
www.padisciplinaryboard.org

December 14, 2015

**Disciplinary Counsel-in-Charge**
Angelea Allen Mitas

**Disciplinary Counsel**
Mark G. Weitzman
Samuel F. Napoli
Cory John Cirelli
David M. Lame
Susan N. Dobbins
Jana M. Palko

Frederick Banks
DOC & POD No. 120759, 2F
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA   15219-3100

       Re:   Complaint Against Adrian Nathanial Roe, Esquire
              File Reference #C4-15-957

Dear Mr. Banks:

    This is to acknowledge receipt of your complaint against Attorney Adrian Roe, which you recently filed with this office. Our evaluation of the matter is now complete.

    You complaint about Mr. Roe's representation of you in your criminal case in the United States District Court for the Western District of Pennsylvania at No. 15-168.  The docket entries reflect that you were charged with Interstate Stalking, a felony.

    You assert, in part, that Mr. Roe refuses to withdraw from your case, does not accept your telephone calls, does not keep in touch with you, and has obstructed and purposely delayed your case by filing motions on your behalf, after you told him that you did not want him to file any motions.

    You assert that Mr. Roe filed a motion to purposely violate your right to a speedy trial.  You assert that Mr. Roe filed a motion to request that the Court order you undergo a mental evaluation, when he was not authorized by you to do so.  You

[Exhibit A]

Frederick Banks
Page Two
December 14, 2015


assert that the evaluation report was bogus and repetitive because the government had already filed a report in 2013 from the same doctor.

    I spoke with Mr. Roe about your complaint on December 9 and he told me the following.  He was appointed to represent you in this criminal case on August 10, 2015.  You initially agreed that he could file a motion to request that you undergo a mental evaluation but you later changed your mind.  A psychiatrist evaluated you in 2013 and the Judge wanted you to undergo another evaluation.  After a Magistrate Judge ordered that you be detained pending your trial, Mr. Roe filed a motion for you to be released from custody until your trial was held.  That appeal was denied by the Judge.

    Mr. Roe told me he filed the motions because he believed it was in your best interest for him to do so.  Consequently, this office will not question his decision to file the motions.

    This office must assess matters complained of as to whether there is clear and convincing evidence to prove that an attorney engaged in professional misconduct in violation of a specific Rule of Professional Conduct.

    It is this office's determination that there is no clear and convincing evidence to prove that Mr. Roe has engaged in any professional misconduct in violation of a specific Rule of Professional Conduct.

    Consequently, your complaint against Mr. Roe has been dismissed.

    During my telephone conversation with Mr. Roe, I told him that you want him to withdraw as your counsel of record.  He told me that he would file a motion to withdraw with the Judge.  Later that day, Mr. Roe informed me that he filed a motion to withdraw as your counsel in your criminal case.

    It is for the Judge presiding over your criminal case to decide whether to grant Mr. Roe's motion to withdraw.  If the Judge denies the motion, then Mr. Roe is obligated to continue to represent you.

Frederick Banks
Page Three
December 14, 2015


With few exceptions, the attorney disciplinary system is confidential and remains so unless and until formal disciplinary charges are filed by the Office of Disciplinary Counsel against the respondent-attorney with the Disciplinary Board and the respondent-attorney has had the opportunity to answer those charges.

We appreciate the interest and concern with the legal profession which you showed by bringing this matter to our attention. Please be advised that the policy of the Office of Disciplinary Counsel is to retain closed complaint files for only two (2) years. Therefore, your file will be destroyed two (2) years from the date of this letter.

Very truly yours,

Mark G. Weitzman
Disciplinary Counsel

MGW/mb

cc: Adrian Nathaniel Roe, Esquire