IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:15-cr-168 |
| | ) | |
| FREDERICK BANKS | ) | Judge Mark Hornak |
| | ) | |
| | ) | Electronically Filed |

**BRIEF OF DEFENDANT'S COUNSEL
REGARDING ISSUES BEFORE THE COURT**

Pursuant to the Court's Order of January 8, 2016 (ECF No. 92), counsel for Defendant Frederick Banks ("Banks") respectfully submits this Brief addressing the matters before the Court. In summary, counsel believes that Banks suffers from a serious mental illness and is "borderline-competent" as discussed in *Indiana v. Edwards,* 554 U.S. 164, 171 (2008). Banks is not capable of knowingly and intelligently waiving his right to counsel and representing himself, particularly in light of the "false writing" charge set out in Count VII of the Superseding Indictment (ECF No. 96). The Court should deny Bank's request to represent himself. The Court should order Banks released pending trial subject to appropriate bond conditions.

**I.  Background and Evidence**

Banks was previously determined to be competent to represent himself in several rounds of court proceedings. *See United States v. Banks,* 572 Fed. Appx. 162 (3d Cir. 2011). Banks' prior counsel deferred to Dr. Wettstein's assessment that Banks could represent himself. *Id.* at 165. Although the undersigned counsel has the highest respect for Dr. Wettstein, he does not agree with Dr. Wettstein's continuing assessment that Banks can represent himself. Even counsel for the government has acknowledged that

1

there are serious issues as to Banks' competency. Mr. Cessar observed during his closing remarks that Bank's condition may have changed since Dr. Wettstein's last evaluation (in connection with the 2013 supervised release proceeding), and there are now open issues as to Bank's competency that at a minimum warrant further evaluation. Competency Hearing Transcript ("Tr.") p. 154, lns. 21-23.

The government's candid position is certainly warranted by the evidentiary record developed during the recent competency hearing. Dr. Wettstein testified that Banks has a "serious mental disorder." Tr. p. 102, lns. 19-29. Dr. Wettstein repeatedly described Bank's belief in "voice to skull technology" and related concepts as "delusional." Tr. pp. 63, 73, 116. Dr. Wettstein acknowledged that Banks' decision-making may be the product of "irrational thought." Tr. pp. 125-26. According to Dr. Wettstein, Banks' assertion that he no longer believes in "CIA harassment" may amount to "manipulation" in which Banks claims not to be affected by such thoughts so that he will appear to be competent and be allowed to represent himself. Tr. p. 51, lns. 1-11.

Banks' unwavering belief in the existence a covert government program of mind manipulation came out most strikingly when the Court undertook the colloquy required under *United States v. Peppers,* 302 F.3d 120 (3d Cir. 2002). Banks explained that "voice to skull" is "electronic surveillance" and that the "same people involved in Snowden, contracted with the CIA, decided to turn these tools onto the American public as a video game." Tr. p. 142, lns. 7-10. Banks' testimony reiterates the position set out in many of his court filings. *See, e.g., "*CIA Wireless Transmissions" (ECF No. 40) (Oct. 16, 2015); "Motion to Subpoena Individuals Alleging CIA Electronic Surveillance (Electronic Harassment) as either Victims or Experts" (ECF No. 94) (Jan. 11, 2016).

II.     Argument

   A.     **Banks Should Not Be Permitted to Represent Himself**

Counsel's first inclination of course is to respect his client's wishes.[1] Banks wants to go to trial and represent himself and emphatically believes that he is competent to do so. Banks apparently views this case as a vehicle for proving that he has been right all along and the government has been conspiring against him. During the competency hearing, counsel was able to find common ground with Banks by raising the possibility that the Court might in the future conduct a hearing as to the existence of voice to skull technology and, if the whole concept turned out to be a sham, then perhaps Banks would reconsider his approach.

Count VII of the Superseding Indictment refocuses the issues before the Court and establishes that Banks should not be allowed to represent himself. Count VII alleges that Banks fraudulently filed a habeas corpus petition on behalf of a murder defendant claiming that the defendant was acting under the influence of the "Central Intelligence Agency" "'Telepathic Behavior Modification Program.'" Superseding Indictment, at 11. In other words, the specific form of thinking on the part of Defendant that Dr. Wettstein has characterized as "delusional" has now spilled over into the criminal conduct charged in the case. Banks is being accused of fraud but it might well be argued that he did what he did out of his sincere (but delusional) belief that he must do whatever is necessary to

---

[1] Counsel believes that he has a professional duty to present the position stated in this submission notwithstanding Banks' insistence that counsel should be discharged and he should be allowed to represent himself (possibly with standby counsel). *See Watkins v. Haas*, No. 2:10-cv-13199, 2015 WL 6438905, at *8 (E. D. Mich. Oct. 23, 2015) ("An attorney has a professional duty to question a defendant's competency to stand trial if they have a good faith doubt as to the defendant's competence.").

3

protect others from the government's (non-existent) covert program. As the Court put it during the competency hearing, the delusional thinking now appears "central to [his] animated thinking . . . ." *Id.* p. 164, lns. 11-12. This centrality provides a basis for Banks to assert the insanity defense in relation to the felony charge set out in Count VII. *See id.* p. 165, lns. 11-22.

The Superseding Indictment also refocuses the respective burdens of the parties. Banks should not face the burden of proving that "voice to skull technology" does exist or that it does not exist and is instead a fraud. Instead, the government should be required to rebut the plausible insanity defense that is available to Banks.

While the Court need not sort out every aspect of the trial at this juncture, it is plain on this record that the Court should exercise its discretion under *Edwards* and intervene for the purpose of taking the decision whether to assert the insanity defense away from Banks. Banks may not want to assert the insanity defense due to his emphatic belief in voice to skull technology but he of course is subject to a great internal conflict that prevents him from making a rational decision. There is too great a risk that his documented pattern of "manipulation" will overwhelm his decision-making and cause him not to advance his best defense out of a desire to appear normal.

The fact that Count VII is just one of the seven counts in the Superseding Indictment should not be controlling. Banks arguably could advance (an admittedly more attenuated) insanity defense to the stalking charge in Count I because in his writings he links the "FBI set-up" to the "technology." *See* ECF No. 40 at 1 ("CIA Wireless Transmissions"). Counts II through VI have no apparent linkage to Bank's delusional thinking but Banks apparently has already been punished for the conduct charged in those

counts in connection with the prior supervised release proceeding. *See, e.g., United States v. Banks,* No. 2:03-cr-245 (ECF No. 674).

### B. Banks Should Be Released on Bond Subject Subject to Appropriate Conditions

The possibility that Banks may ultimately be deemed to be incompetent to stand trial, or may be found not guilty by reason of insanity, does not justify his continued pretrial detention. Courts have ordered similarly situated defendants released pending trial provided that they comply with the conditions of pretrial release including particularly the obligation to cooperate in out-patient mental health examinations. *See, e.g., United States v. Krauth,* No. CR09-3044, 2010 W.L. 428969 at * 3-6 (D. Iowa Feb. 2, 2010) (citing *United States v. Gomez-Borges,* 91 F. Supp. 477, 478 (D.P.R. 2000)). Dr. Wettstein testified unequivocally that Banks presented no threat of violence. Tr. p. 105, ln. 22 to p. 107, ln. 7. In these circumstances, Banks is entitled to be released subject to appropriate conditions of pretrial release.

                Respectfully submitted,

Dated: February 18, 2016         s/Adrian N. Roe

                Pa. Bar No. 61391
                Roe & Simon LLC
                Suite 200, The Frick Building
                437 Grant Street
                Pittsburgh, PA 15219
                412-281-4217
                aroe@roelawoffice.com.