TRULINCS 05711068 - BANKS, FREDERICK H - Unit: BUT-N-A

---

FROM: 05711068
TO: Business Office
SUBJECT: ***Request to Staff*** BANKS, FREDERICK, Reg# 05711068, BUT-N-A
DATE: 07/21/2016 08:50:00 PM

To: mottodisind
Inmate Work Assignment: Education

**FILED**

JUL 29 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

United States District Court
for the Western District of Pennsylvania
United States of America,
   v.                              15-CR-168
Frederick Banks, Defendant.

### MOTION TO DISMISS SUPERCEDING INDICTMENT

Defendant Frederick Banks ("Banks") moves the Court to dismiss the Superceding Indictment and represents as follows;
   Defendant moves the Court to dismiss the superceding indictment against the defendant, which alleges violations of 18 USC 2261A, Wire Fraud, Aggravated Identity Theft, and Making False Statements under 18 USC 1001. In particular, defendant moves the Court, under Rule 6(e)(3)(E)(ii), to:
1. Order the disclosure of all grand jury material that pertains to defendant;
2. Conduct, if necessary, an evidentiary hearing on whether and what circumstances false information was presented to the grand jury in connection with the indictment of the defendant; and
3. To dismiss the superceding indictment if it appears to the Court that such a remedy is appropriate.
   Grounds for Relief
1. Defendant was and remains charged with a violation of 18 USC 2261A, Wire Fraud (4 Counts), Aggravated Identity Theft, and Making False Statements under 18 USC 1001. On 8/11/2015 at the original arraignment the 2261A charge was the only charge lodged on Defendant.
2. The government contents that defendant's particilation in the 2261A Count (Count 1) consisted of making "threatening and harassing" phone calls to "TP" an individual to substantially cause him emotional distress.
3. So far as is known to defendant at this time, the government's evidence to support this claim consists of Sprint Phone records of defendant.
4. However, the phone records show that the calls did not connect to "TP" and he never received them.
5. The government also contents that Defendant made false statements in a judicial proceeding in violation of 18 USC 1001. However, pursuant to 18 USC 1001(b) any statements, representations or writings in a judicial proceeding are exempted from a violation of 18 USC 1001, the statute. See Hubbard v. United States 514 US 695 (1995); United States v. Washington 549 F.3d 905 (3rd 2008)(reversing 18 USC 1001 convictions for false statements made in judicial proceedings.)
6. Defendant also contends that the government improperly used electronic surveillance to build its case on defendant and taped into his 1phone4s and computers and moves the court for an order disclosing the electronic surveillance pursuant to 50 USC 1806(f) and Federal Rule of Criminal Procedure 16. This evidence will show that the evidence against defendant was improperly procured and defendant moves the court to determine the legality of the surveillance.
7. Defendant contends that the grand jury that issued the superceding indictment in the case did so based on speculation and conjecture, not on evidence that established probable cause to believe the defendant had committed the crime of 18 USC 2261A and Making False Statements under 18 USC 1001.
8. In particular, defendant contends that what prompted the grand jury to indict, despite the speculative nature of most of the evidence, was the presentation of a piece of false evidence to the grand jury. It was only this false evidence that imputed to the defendant any knowledge of the charge at Count 1.
9. Defendant's concert about this evidence is based on a proffer the government made to the court at defendant's initial arraignment and bond hearing on the indictment (later superceded) by Robert Werner.
10. The problem with the representation stated in the superceding indictment that defendant "threatened and harassed" "TP" by telephone is that this is false. The government acknowledged later, in open court on 8/11/2015, at defendant's arraignment and bond hearing that "TP" never received any calls from defendant. The calls "did not connect." (See testimony of S.A. Robert Werner of 8/11/2015). Since the calls did not connect and defendant did not talk to "TP" on the telephone at any time then there was no threat or harassment to "TP" by telephone.
11. Defendant does not know for certain if the government presented this erroneous information to the grand jury. But if it did, this false evidence could have made the difference between an indictment and no indictment.
12. Defendant submits that it is the responsibility of the Court to require the government to disclose the evidence it presented to the grand jury, and particularly whether it included this admittedly false evidence in its presentation to the grand jury and also whether or not it presented evidence showing that under 18 USC 1001(b) a defendant cannot be prosecuted for making false statements in a judicial proceeding.

TRULINCS 05711068 - BANKS, FREDERICK H - Unit: BUT-N-A

----------------------------------------------------------------------------------------

13. The court has the power to compel this disclosure under Fed.R.Crim.P.6(e0(3)(E)(ii): The court may authorize disclosure-at a time, in a manner, and subject to any other conditions that it directs-of a grand-jury matter...at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.
14. If the Court's inquiry reveals the government did present the false information, the Court must then determine whether it resulted from a constitutional violation. In that event, defendant would be entitled to dismissal of the superceding indictment without having to make a showing of harm.
15. Even if the violation was unintentional or non-constitutional, the court should still dismiss if the violation substantially affected the grand jury's decision to indict or if there exists a grave doubt whether the decision to indict was free from the substantial influence of the false information. See Bank of Nova Scotia v. United States, 487 US 250, 256 (1988)("dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations").
16. The inconclusive nature of the other evidence in this case increases the likelihood that the false evidence was presented and that, even if presented by mistake, that false evidence was unduly persuasive.
17. Defendant has spoken to counsel by phone and counsel refuses to take any actions regarding this motion. He will not file any motion such as this and as such is violating defendant's right to effective counsel.
WHEREFORE, the foregoing motion should be granted.

Frederick Banks
05711068
FCI
PO Box 1000
Butner, NC 27509

DEFENDANT.

Certificate of service   I hereby certify that on this 22nd day of July, 2016 I served a true and correct copy of the motion to Dismiss Superceding Indictment by mail delivery upon the following: Office of the US Attorney, 4000 US Courthouse, 700 Grant St., Pittsburgh, PA 15219.

Frederick Banks